IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND RUDY,<br><br>Defendant. | Case No. 2:17-cr-143 |

**OPINION & ORDER**

Before the Court is Defendant Raymond Rudy's "Motion for Early Termination of Probation" pursuant to 18 U.S.C. § 3583(e)(1). ECF No. 48. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons stated below, the motion is **DENIED**.

I.    **BACKGROUND**

On February 14, 2018, Defendant Raymond Rudy pleaded guilty to Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B). ECF. No. 20. The Honorable Robert G. Doumar sentenced the defendant to 24 months of imprisonment and 15 years of supervised release. ECF No. 36 at 2–3.

The defendant was released from prison and began his term of supervised release in early 2020. On August 7, 2020, the defendant filed a Motion to Amend Special Conditions of Supervision so he could live with his minor child, which the Court granted. ECF Nos. 40 (motion), 43 (order). Since then, he filed and withdrew an earlier "Motion for Early Termination of Probation." ECF Nos. 44 (initial motion),

45 (motion to withdraw), 46 (order). The defendant filed the instant motion on June 17, 2024. ECF No. 48.

## II. LEGAL STANDARD

A court may modify a term of supervised release under 18 U.S.C. § 3583(e)(1) if, after considering certain sentencing factors in 18 U.S.C. § 3553(a), it determines that such action is justified by the "conduct of the defendant released and the interest of justice." § 3583(e)(1). Those § 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(4) the kinds of sentence and the sentencing range established [by the Sentencing Commission];

(5) any pertinent policy statement [issued by the Sentencing Commission] [that is in effect on the date the defendant is sentenced except as provided in section 3742(g)];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

**III.   ANALYSIS**

The "nature and circumstances of the offense" for which the defendant was convicted are very serious. The defendant pleaded guilty to Possession of Visual Depictions of Minors Engaging in Sexually Explicit Conduct under 18 U.S.C. § 2252(a)(4)(B). ECF. No. 20. In total, the defendant possessed 905 images of child pornography (305 images and 8 videos), many of which depicted bestiality and sadomasochistic abuse of children. ECF No. 38 ¶¶ 13, 15 (SEALED).

As to the "history and characteristics of the defendant," the Court notes the absence of any criminal record. ECF No. 38 ¶¶ 35–40 (SEALED). Indeed, the defendant has been a productive and contributing member of society his entire adult life. *See* ECF No. 37 at 5 (SEALED); ECF No. 38 ¶¶ 57–67 (SEALED). Following his release, the defendant has maintained gainful employment by the MASA Corporation, where he has been promoted to manager. ECF No. 48 at 3. He owns a home with his wife, who has supported him throughout his rehabilitation efforts, and together they are raising their son. *Id.*[1]

The defendant's noteworthy rehabilitative progress is also evidenced by his discharge from sex offender treatment and successful completion of polygraph examinations. ECF No. 48-1; 48-2. Despite this progress, the defendant tested positive for marijuana in April 2023. ECF No. 51. While this conduct is inappropriate,

---

[1] Additionally, the defendant has paid in full his $5,000.00 restitution and the $100.00 special assessment. ECF No. 51.

3

the defendant has completed substance abuse treatment and subsequent drug tests have been negative. ECF No. 48 at 2.

Weighing heavily in the Court's analysis of the requirements of 18 U.S.C. § 3583(e)(1) is the "significant" downward variance in the defendant's sentence from the original advisory sentencing guidelines range. ECF No. 37 at 5 (SEALED). Judge Doumar noted an alternative guidelines range of 37–46 months instead of the 97–121 months the Sentencing Guidelines recommended, reasoning that "several" of the enhancements that applied in this case—specifically §§ 2G2.2(b)(2), (4), (6) and (7)—"apply in the vast majority of all non-production child pornography cases such that they fail to appropriately differentiate between more and less culpable behavior by non-production offenders" like the defendant. *Id.* at 4–5. Thus, the defendant's sentence was structured from the beginning to account for the mitigating factors he raises in his motion.

Having considered the defendant's receipt of a substantial downward variance from the advisory sentencing guidelines range and the period of supervised release that is still outstanding, the Court is not convinced that early termination of the defendant's supervised release is warranted at this time. The defendant has served approximately five of his fifteen years of supervised release. Five years is the minimum statutorily required period of supervised release for sex offenses. 18 U.S.C. § 3583(e)(1)(k). The Court finds it premature to terminate the defendant's term of supervised release before even half of the term has been served.[2]

---

[2] Such termination is all the more abrupt against the backdrop of the recommended term of supervised release for sex offenses, which is life. U.S.S.G. § 5D1.2.

4

Notwithstanding the defendant's history, characteristics, and considerable rehabilitative efforts, the seriousness of the offense and the need to avoid unwarranted sentencing disparities are determinative. For the reasons stated above, early termination of the defendant's supervised release would not advance the interests of justice.

## IV. CONCLUSION

Accordingly, the plaintiff's Motion for Early Termination of Probation (ECF No. 48) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to United States Probation Office and to all counsel of record.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
October 24, 2024